UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FREDERICK V. NIELSEN,

   Plaintiff

 -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

   Defendant.
----------------------------------------------------------------X

MEMORANDUM & ORDER

04 CV 2182 (NGG) (LB)

GARAUFIS, District Judge.

 Plaintiff Frederick V. Nielsen ("Nielsen" or "Plaintiff") filed a complaint on May 20, 2004. On June 7, 2004, Plaintiff was granted leave to proceed *in forma pauperis*, and on November 11, 2004, Walker G. Harman, Jr., Esq. ("Harman" or "counsel"), filed a notice of appearance on behalf of Plaintiff. At the close of discovery, by letter dated November 10, 2005, counsel filed a letter requesting leave to withdraw as counsel, and on November 21, 2005, Magistrate Judge Lois Bloom granted that motion ("November 21, 2005 Order"). On December 1, 2005, Plaintiff filed an appeal of that Order with this court, requesting that his attorney not be permitted to withdraw, and by Order dated February 3, 2006, I ordered a stay of the proceedings pending the outcome of that appeal. Nevertheless, on March 1, 2006, Plaintiff filed an opposition to Defendant's motion for summary judgment.[1] By letter dated March 16, 2006,

---

[1] In accordance with this court's stay of the proceedings, Defendant did not file or serve a motion for summary judgement. Plaintiff nevertheless filed his motion "in opposition to the intent and/or objective" of what the Plaintiff anticipated the Defendant's motion would be. (Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 1 (Docket Entry #45).)

Defendant requested that Plaintiff's opposition be stricken. On October 11, 2006, I suspended consideration of Plaintiff's motion pending the determination of his appeal of the November 21, 2005 Order ("October 11, 2006 Order"). On December 11, 2006, Plaintiff filed a motion for reconsideration of the October 11, 2006 Order. For the reasons stated below, Plaintiff's appeal of the November 21, 2005 Order is DENIED, and his motion for reconsideration of the October 11, 2006 Order is DENIED as moot.

Fed. R. Civ. P. 72 and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide the standard for district court review of a federal magistrate judge's order. When this court reviews a magistrate judge's determination of a nondispositive matter, this court may overrule the magistrate judge's decision where it is clearly erroneous or contrary to law. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("A magistrate . . . may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard").

> Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

Id. (internal citations omitted).

With respect to deciding whether to grant an attorney's request to withdraw from a case, the court has great discretion. Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999); Am. Generics, Inc. v. Komal Mohan & Assocs., No. 97-CV-0654, 1998 U.S. Dist. LEXIS 8748, 1998 WL 315082, at *2 (N.D.N.Y. June 8, 1998) (ruling that a motion to withdraw is "within the trial

court's discretion"). In order for a motion to withdraw to be granted, there must be a showing of good cause and satisfactory reason by affidavits and other proof. Whiting, 187 F.3d at 321; Am. Generics, Inc., 1998 U.S. Dist. LEXIS 8748, 1998 WL 315082, at *2. Hostility or irreconcilable differences between the attorney and the client are sufficient to warrant a withdrawal. See Joseph Brenner Assocs., Inc. v. Starmaker Entm't Inc., 82 F.3d 55, 57 (2d Cir. 1996); Vaughn v. Am. Tel. & Tel. Corp., Nos. 96 CIV. 0989, 96 CIV. 6068, 1998 U.S. Dist. LEXIS 17129, 1998 WL 760230, at *1 (S.D.N.Y. Oct. 30, 1998). Failure to assist in discovery is also a sufficient basis for withdrawal. Am. Generics, Inc., 1998 U.S. Dist. LEXIS 8748, 1998 WL 315082, at *2. However, "the court must ensure that the prosecution of [the] suit is not disrupted by the withdrawal of counsel." Boucher v. Sears, 1995 U.S. Dist. LEXIS 6505, 1995 WL 283742, at *15 (N.D.N.Y. May 8, 1995).

In his affirmation, Harman stated that he could "no longer effectively communicate with [Plaintiff]," citing what he perceived to be threats from Plaintiff. (Affirmation in Support of Motion to Withdraw as Counsel ("Harman Aff.") ¶¶ 3, 16.) He further stated that Plaintiff's demands regarding scheduling of other witness's depositions had compromised Harman's ability to conduct discovery. (Harman Aff. ¶¶ 10-15, 17.) Based on the allegations that Plaintiff had both threatened Harman and hindered his ability to conduct discovery, Judge Bloom's Order granting Harman's motion to withdraw as counsel for Plaintiff was reasonable and not clearly erroneous. Furthermore, since discovery has been completed and the only pending motions in the suit are those filed by Nielsen, there has been no showing made that withdrawal of counsel would in any way disrupt the prosecution of the suit.

3

Plaintiff's appeal of Judge Bloom's November 21, 2005 Order is hereby DENIED. As the appeal has been decided, the stay is vacated. Plaintiff's Opposition is restored to the docket. The court will therefore treat the Opposition as if it had been properly filed. As a result, his motion for reconsideration of the October 11, 2006 Order terminating his motions filed during the pendency of his appeal is DENIED as moot.

SO ORDERED.

Dated: July 6, 2007  /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.  Nicholas G. Garaufis
                                                                United States District Judge