D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FREDERICK V. NIELSEN,

        Plaintiff

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendant.
----------------------------------------------------------------X

MEMORANDUM & ORDER

04 CV 2182 (NGG) (LB)

NICHOLAS G. GARAUFIS, District Judge.

Plaintiff Frederick V. Nielsen ("Nielsen" or "Plaintiff") filed a complaint on May 20, 2004. On June 7, 2004, Plaintiff was granted leave to proceed *in forma pauperis*, and on November 11, 2004, Walker G. Harman, Jr., Esq. ("Harman" or "counsel"), filed a notice of appearance on behalf of Plaintiff. At the close of discovery, by letter dated November 10, 2005, counsel filed a letter requesting leave to withdraw as counsel, and on November 21, 2005, Magistrate Judge Lois Bloom granted that motion ("November 21, 2005 Order"). On December 1, 2005, Plaintiff filed an appeal of that Order with this court, requesting that his attorney not be permitted to withdraw, and by Order dated February 3, 2006, I ordered a stay of the proceedings pending the outcome of that appeal. Nevertheless, on March 1, 2006, Plaintiff filed an opposition to Defendant's motion for summary judgment.[1] By letter dated March 16, 2006,

---

[1] In accordance with this court's stay of the proceedings, Defendant did not file or serve a motion for summary judgment. Plaintiff nevertheless filed his motion "in opposition to the intent and/or objective" of what the Plaintiff anticipated the Defendant's motion would be. (Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 1 (Docket Entry #45).)

Defendant requested that Plaintiff's opposition be stricken. On October 11, 2006, I suspended consideration of Plaintiff's motion pending the determination of his appeal of the November 21, 2005 Order ("October 11, 2006 Order"). On December 11, 2006, Plaintiff filed a motion for reconsideration of the October 11, 2006 Order. By Order dated July 6, 2007 ("July 6, 2007 Order"), I denied Plaintiff's appeal of the November 21, 2005 Order, and I also denied his motion for reconsideration of the October 11, 2006 Order as moot.

On July 20, 2007, Plaintiff filed another motion for reconsideration of the court's October 5, 2007 and July 6, 2007 Orders. Fed. R. Civ. P. 60(b)(1) allows relief from a final judgment where the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule 60(b)(6) permits reconsideration for "any other reason justifying relief from the operation of the judgment." See Rule 60(b)(1), (6). A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id.

Furthermore, under Local Civil Rule 6.3, a party may move for reconsideration of a motion by "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." However, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Lykes Pasco v. Ahava Dairy Prods. Corp., No. 97-CV-0652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998) (Glasser, J.) (internal quotations omitted). In his latest motion for reconsideration, Plaintiff fails to bring to this court's attention any fact or controlling precedent that would call for me to rule differently. Accordingly, his motion for reconsideration dated July 20, 2007 is DENIED.

Furthermore, consistent with my July 6, 2007 Order, Defendant filed and served its motion for summary judgment on July 23, 2007. (Docket Entry #67.) In light of the fact that Plaintiff's opposition to Defendants' motion for summary judgment was unresponsive to any motion, Defendant has requested clarification from the court about the briefing schedule. (Letter from Assistant Corporation Counsel Joshua Fay dated July 25, 2007 (Docket Entry #69).) Furthermore, in a telephone call after the July 6, 2007 Order, Plaintiff consented to a briefing schedule including re-filing a responsive opposition to Defendant's summary judgment motion, though Plaintiff later withdrew that consent. (See id. at 2.) Because it will assist the court to have an opposition from Plaintiff that addresses the specific points made by Defendant in its summary judgment motion, I grant Defendant's request to strike Plaintiff's opposition and to grant Plaintiff leave to file or re-file his opposition in response to Defendant's motion.

Accordingly, Plaintiff shall serve and file opposition papers to Defendant's motion for summary judgment, if any, within thirty days of the date of this Order. Defendant shall serve and file its reply to Plaintiff's opposition to its motion for summary judgment, if any, within twenty days thereafter.

SO ORDERED.

Dated: September 14, 2007
      Brooklyn, N.Y.

/signed/
_____
NICHOLAS G. GARAUFIS
United States District Judge